UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>JIMMY LEE, et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:14-CV-1797 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Charles Hall's (hereinafter "Hall") motion to dismiss plaintiff New England Life Insurance Company's (hereinafter "plaintiff") amended complaint. (Doc. # 39). Plaintiff filed a response, (doc. # 44), and Hall filed a reply, (doc. # 50).

Also before the court is Hall's first motion to dismiss. (Doc. # 29). Plaintiff did not file a response, but filed an amended complaint. (Doc. # 33).

**I.   Background**

Plaintiff is a financial services corporation incorporated in Massachusetts. Defendants in this case are all citizens of Nevada. Hall worked as a managing associate and financial advisor in plaintiff's Las Vegas office. Defendants Lee, Ewing, and Metcalf also worked for plaintiff in similar capacities.

On or about March 3, 2009, Hall signed a Managing Associate Agreement ("the agreement"). The agreement prohibits Hall from soliciting plaintiff's employees for a period of one year after termination of the contract. (Doc. # 33).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Between July and September 2014, Hall and his individual co-defendants received employment offers from LPL Financial LLC ("LPL"). LPL is a financial services firm that directly competes with plaintiff.

In October 2014, Hall resigned from employment with plaintiff. Both before and after resigning, Hall recruited plaintiff's employees to join him at his new company. Hall, along with his individual co-defendants, successfully induced dozens of plaintiff's employees to terminate their employment with plaintiff and join defendants. Defendants also improperly used plaintiff's confidential information after their resignations. (Doc. # 33).

On October 28, 2014, plaintiff filed a complaint alleging numerous causes of action against defendants. (Doc. # 1). On December 23, 2014, Hall moved to dismiss all claims against him. (Doc. # 29).

On January 2, 2015, plaintiff filed an amended complaint, again asserting various federal and state claims. Plaintiff seeks injunctive relief, compensatory damages, an accounting of profits, attorney's fees, and punitive damages, among other relief.

Against Hall, plaintiff brings claims for breach of contract; violations of the Computer Fraud and Abuse Act; civil conspiracy; breach of fiduciary duty; aiding and abetting breach of duty of loyalty; conversion; misappropriation of confidential information and trade secrets; intentional interference with contractual relations; and unfair competition. (Doc. # 33).

Hall then filed the instant motion to dismiss all claims against him.

**II.   Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

James C. Mahan
U.S. District Judge

- 2 -

1 matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation
2 omitted).
3 In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply
4 when considering motions to dismiss. First, the court must accept as true all well-pled factual
5 allegations in the complaint; however, legal conclusions are not entitled to the assumption of
6 truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by
7 conclusory statements, do not suffice. *Id.*
8 Second, the court must consider whether the factual allegations in the complaint allege a
9 plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint
10 alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the
11 alleged misconduct. *Id.* at 678.
12 Where the complaint does not permit the court to infer more than the mere possibility of
13 misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to
14 relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not
15 crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550
16 U.S. at 570.
17 The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
18 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**III.   Discussion**

Hall moves to dismiss all nine claims against him. The court will address each claim in turn.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

     *a. Breach of contract*

Plaintiff's third cause of action asserts a claim for breach of contract against Hall. (Doc. # 33). Hall argues that plaintiff fails to adequately allege a contract and breach. (Doc. # 39).

In Nevada, "to succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." *Laguerre v. Nev. Sys. of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011) (citing *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.")).

Hall's arguments for dismissal of this claim are meritless. Hall first claims that plaintiff does not sufficiently plead the existence of a valid contract because plaintiff's complaint makes the supporting statements "upon information and belief." (Doc. # 39). As plaintiff notes, none of the cases cited by Hall forbid pleading allegations in a complaint upon information and belief. Indeed, this type of pleading is common and accepted.

Plaintiff adequately pleads the existence of its written agreement with Hall. Plaintiff states that it met all its obligations under the contract, and claims that Hall breached the parties' agreement by soliciting plaintiff's employees after his resignation. Finally, plaintiff states that it suffered damages as a result of Hall's breaches. (Doc. # 33).

In his motion, Hall misstates the allegations of plaintiff's complaint. Namely, Hall suggests that plaintiff pleads employee solicitation only during Hall's employment. (Doc. # 39). However, plaintiff's complaint clearly alleges that "since the termination" of Hall's agreement with plaintiff, Hall has solicited employees in breach of the agreement. (Doc. # 33).

Taking plaintiff's well-pled allegations as true, the court finds that plaintiff states a plausible claim for breach of contract. Accordingly, the motion to dismiss will be denied as to plaintiff's third cause of action.

     *b. Violation of the Computer Fraud and Abuse Act*

Plaintiff's fourth cause of action alleges that Hall violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.* (Doc. # 33). Hall argues that plaintiff's complaint

James C. Mahan
U.S. District Judge

- 4 -

provides insufficient notice of these claims, as it does not identify particular sections of the CFAA underlying plaintiff's cause of action. Hall also claims that plaintiff's allegations are conclusory. (Doc. # 39).

### i.   *CFAA sections*

Hall contends that plaintiff's complaint fails to identify which sections of the CFAA Hall has allegedly violated. However, Hall concedes that plaintiff conspicuously alleges violations of 18 U.S.C. §§ 1030(a)(2) and 1030(a)(5). Section 1030(a)(2) prohibits unauthorized access to a protected computer, and section 1030(a)(5) prohibits intentionally accessing a protected computer without authorization, causing resulting damage and loss. 18 U.S.C. §§ 1030(a)(2), (5).

Hall expresses concern that plaintiff is pleading violations of additional CFAA subsections. However, none of plaintiff's factual allegations indicate intent to plead a violation of an additional subsection. While the heading of plaintiff's fourth cause of action lists 18 U.S.C. § 1050 *et seq.*, and plaintiff later claims violations of "*inter alia*, 18 U.S.C. § 1030(a)(2) and 18 U.S.C. § 1030(a)(5)," these are the only indications in plaintiff's complaint that other subsections may apply.

Plaintiff includes no allegation of extortion or trafficking in computer passwords with intent to defraud. (Doc. # 33). While plaintiff's complaint includes the word "defrauded," plaintiff notes in its response to Hall's motion that it is not pleading CFAA fraud claims against Hall. (Doc. # 44).

The court agrees with Hall that plaintiff's allegations under the CFAA are somewhat unclear. However, the court construes plaintiff's complaint to assert claims under sections 1030(a)(2) and 1030(a)(5) only. Accordingly, the court will address the sufficiency of those claims.

### ii.   *Failure to state a claim*

To state a claim for a violation of section 1030(a)(2), plaintiff must allege that Hall: "(1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that he (3) thereby obtained information (4) from any protected computer . . . and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value."

**James C. Mahan**
**U.S. District Judge**

- 5 -

*LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009); *see also Oracle USA, Inc. v. Rimini Street, Inc.*, 2:10-cv-00106-LRH-PAL, 2010 U.S. Dist. LEXIS 84254, at *9 (D. Nev. Aug. 13, 2010) (denying motion to dismiss claim under this section).

Plaintiff alleges that Hall exceeded authorized access to his work computer by impermissibly copying documents and confidential information without authority. Plaintiff states that its procedures prohibited use of computers for any non-business purpose, and that Hall therefore exceeded his permitted access. Plaintiff also contends that Hall did so deliberately. Plaintiff alleges that it incurred damage far in excess of $5,000 as a result of this conduct. (Doc. # 33).

Hall contends that these allegations fail the second prong based on Ninth Circuit case law. To violate section 1030(a)(2), Hall must have exceeded authorized access or accessed a computer without authorization. The court will address plaintiff's allegations under each test.

### A. Without authorization

The Ninth Circuit has held that a defendant uses a computer without authorization "when the employer has rescinded permission to access the computer and the defendant uses the computer anyway." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1135 (9th Cir. 2009). In so holding, the court noted that accessing information on the employer company's website after leaving the company would constitute access "without authorization." *Id.* at 1136.

Plaintiff's complaint alleges that Hall "retained, misused, and exploited Confidential Information rightfully belonging to [plaintiff]" after his resignation. (Doc. # 33). Plaintiff does not plead that Hall accessed any computer after his termination. Instead, plaintiff alleges that Hall was granted access yet exceeded the access authorized. Accordingly, plaintiff's CFAA claim is more properly construed under the "exceeded authorized access" prong of section 1030(a)(2).

### B. Exceeded authorized access

Pursuant to 18 U.S.C. § 1030(e)(6), "exceeds authorized access" means "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter . . . ." The Ninth Circuit has held that a person exceeds authorized access when he "has permission to access the computer, but accesses

information on the computer that the person is not entitled to access." *LVRC Holdings LLC*, 581 F.3d at 1133.

Where an employee is entitled to obtain the documents at issue, that employee does not "exceed authorized access" simply by using information in violation of an employer's policies. *Id.* at 1135 n.7.  This is precisely what plaintiff's complaint alleges.  Plaintiff states that Hall was granted access to a protected computer and exceeded that access by impermissibly copying or otherwise tampering with its contents.  (Doc. # 33).

Plaintiff does not allege that Hall accessed any forbidden documents.  Additionally, the Ninth Circuit has refused to expand the CFAA's definition of "exceeding authorized access" to apply to situations in which an employee simply breaches a duty of loyalty to the employer.  *United States v. Nosal*, 676 F.3d 854, 857 (9th Cir. 2012) (holding that this "interpretation would transform the CFAA from an anti-hacking statute into an expansive misappropriation statute"); *LVRC Holdings LLC*, 581 F.3d at 1133-35, 1135 n.7.

Therefore, even accepting plaintiff's well-pled factual allegations as true, plaintiff fails to state a plausible claim under section 1030(a)(2) of the Computer Fraud and Abuse Act.  While plaintiff's complaint references section 1030(a)(5), it fails to plead that plaintiff accessed a computer "without authorization," as necessary to allege a violation of this section.  Hall's motion to dismiss will therefore be granted as to plaintiff's fourth cause of action.  This claim will be dismissed without prejudice.

### c. Civil conspiracy

Plaintiff's eighth cause of action states a claim for civil conspiracy.  (Doc. # 33).  Hall moves to dismiss this claim on the grounds that plaintiff fails to plead adequate supporting facts. Alternatively, Hall contends that this claim is preempted by the Nevada Uniform Trade Secrets Act.  (Doc. # 39).

#### i. Preemption

The Nevada Uniform Trade Secrets Act ("NUTSA") "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret."  Nev. Rev. Stat. § 600A.090(1).  Where a tort claim is based on the alleged

misappropriation of trade secrets, it is preempted by NUTSA. *See Global Adv. Metals USA, Inc. v. Kemet Blue Powder Corp.*, No. 3:11-cv-00793-RCJ-VPC, 2012 U.S. Dist. LEXIS 126550, at *12 (D. Nev. Sept. 6, 2012).

However, NUTSA does not provide "blanket preemption to all claims that arise from a factual circumstance possibly involving a trade secret." *Menalco v. Buchan*, 2:07-cv-01178-PMP-PAL, 2010 U.S. Dist. LEXIS 8042, at *67 (D. Nev. Feb. 1, 2010) (*citing Frantz v. Johnson*, 999 P.2d 351, 357 n.3 (Nev. 2000)). Claims that are not contingent on the information at issue being a trade secret are not preempted. *Id.*

In light of the foregoing legal standard, the court finds that plaintiff's civil conspiracy claim is not preempted. *See Menalco*, 2010 U.S. Dist. LEXIS 8042, at *67 (holding that civil conspiracy claim is preempted by NUTSA only if the sole purpose of the conspiracy was misappropriation of trade secrets).

In *Menalco*, the court granted defendants' motions for summary judgment on plaintiff's civil conspiracy claim. The court reasoned that the claim was preempted because the basis of the conspiracy was defendants' agreement to harm plaintiffs by stealing trade secrets to market as their own. *Id.* at *67-68.

By contrast, in this case, plaintiff contends that Hall engaged in a conspiracy to "impermissibly solicit and induce employees," in addition to misappropriating confidential information. (Doc. # 33). Because plaintiff's civil conspiracy claim includes allegations unrelated to misappropriation of trade secrets, plaintiff's civil conspiracy claim is not preempted. The court will now address Hall's contention that this cause of action fails to state a claim upon which relief can be granted.

    ii.  *Failure to state a claim*

To state a civil conspiracy claim in Nevada, plaintiff must allege, "a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983).

**James C. Mahan**
**U.S. District Judge**

- 8 -

1    Plaintiff's complaint properly states a claim for civil conspiracy.  Contrary to Hall's
2    contention, plaintiff alleges that Hall and his co-defendants agreed and worked together to solicit
3    plaintiff's employees and steal plaintiff's trade secrets.  (Doc. # 33).  Because the court finds at
4    least one of plaintiff's tort claims to be viable, Hall's suggestion that plaintiff fails to allege an
5    underlying tort for this cause of action is also without merit.

6    Based on the foregoing, the court will deny Hall's motion to dismiss as to plaintiff's eighth
7    cause of action for civil conspiracy.

### d. Breach of fiduciary duty

9    Plaintiff's ninth cause of action alleges that Hall breached his fiduciary duty.  (Doc. # 33).
10   Hall argues that plaintiff fails to state a plausible claim for relief as to this cause of action.  (Doc.
11   # 39).

12   "In Nevada, a claim for breach of fiduciary duty has three elements: (1) existence of a
13   fiduciary duty; (2) breach of the duty; and (3) the breach proximately caused the damages." *Klein*
14   *v. Freedom Strategic Partners, LLC*, 595 F. Supp. 2d 1152, 1162 (D. Nev. 2009).

15   Plaintiff's complaint adequately states a claim for breach of fiduciary duty.  As plaintiff's
16   employee, Hall owed a duty of loyalty to plaintiff.  *See MetLife Bank, N.A. v. Evergreen*
17   *Moneysource Mortg.*, No. 2:10-cv-00288-RLH-PAL, 2010 U.S. Dist. LEXIS 60296, at *5-6 (D.
18   Nev. June 17, 2010) (*citing White Cap Indus. v. Ruppert*, 67 P.3d 318, 319-20 (Nev. 2003) ("the
19   Nevada Supreme Court has held that employees owe their employers a duty of loyalty . . . .")).
20   Hall allegedly breached this duty by recruiting plaintiff's employees while working for plaintiff.
21   Plaintiff claims that it suffered damages as a result of Hall's conduct.  (Doc. # 33).

22   Plaintiff's contentions are sufficient at this stage in the proceedings.  *See* Fed. R. Civ. P.
23   8(a)(2) (requiring only "[a] short and plain statement of the claim showing that the pleader is
24   entitled to relief"); *MetLife Bank*, 2010 U.S. Dist. LEXIS 60296, at *5-6 (denying motion to
25   dismiss claim for breach of fiduciary duty based on allegations that defendants left employment
26   with plaintiff to join competitor).  Accordingly, Hall's motion to dismiss will be denied as to
27   plaintiff's ninth cause of action for breach of fiduciary duty.

28   . . .

**James C. Mahan**
**U.S. District Judge**

### e. Aiding and abetting breach of duty of loyalty

Plaintiff's tenth cause of action states a claim for aiding and abetting breach of the duty of loyalty. (Doc. # 33). Hall contends that this claim is properly dismissed because plaintiff fails to state a plausible claim for relief. (Doc. # 39).

To state a claim for aiding and abetting breach of fiduciary duty, plaintiff must allege: "(1) a fiduciary relationship exists, (2) the fiduciary breached the fiduciary relationship, (3) the third party knowingly participated in the breach, and (4) the breach of the fiduciary relationship resulted in damages." *In re Amerco Deriv. Litig.*, 252 P.3d 681, 702 (Nev. 2011).

Hall argues that different case law controls here. However, the cases that Hall cites address civil aiding and abetting generally, and do not involve claims of aiding and abetting a breach of fiduciary duty. *See Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 112 (Nev. 1998) (overturning jury verdict on claim for aiding and abetting fraudulent misrepresentation); *Tai-Si Kim v. Kearney*, No. 2:09-cv-02008-PMP-PAL, 2010 WL 3433130, at *9 (D. Nev. Aug. 30, 2010) (dismissing claim for aiding and abetting fraud). These cases are therefore distinguishable and do not provide the accurate legal standard for this cause of action.

Considered pursuant to the rule set forth in *Amerco*, plaintiff adequately alleges a plausible claim for relief on this cause of action. According to plaintiff's complaint, Hall knew that his co-defendants were employed by plaintiff and owed plaintiff a duty of loyalty. Plaintiff contends that Hall intentionally aided his co-defendants in breaching this duty by encouraging other employees to talk to his co-defendants about leaving plaintiff's company. Finally, plaintiff states that this conduct caused plaintiff damages, as Hall profited at plaintiff's expense while plaintiff paid Hall as an employee. (Doc. # 33).

On a motion to dismiss, the court must take all well-pled factual allegations as true. The court does not find plaintiff's allegations to be conclusory, and the court will accordingly deny the motion to dismiss plaintiff's tenth cause of action.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 10 -

**f.** *Conversion*

**g.** Plaintiff's eleventh cause of action alleges conversion. (Doc. # 33). Hall argues that plaintiff's pleading of this claim is unintelligible and that the claim is statutorily preempted. (Doc. # 39). The court will address each of Hall's arguments in turn.

    *i.*    *Preemption*

As previously discussed with regard to plaintiff's civil conspiracy claim, NUTSA "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Nev. Rev. Stat. § 600A.090(1). Where a conversion claim is based only on the alleged misappropriation of trade secrets, it is preempted. *See Global Adv. Metals USA, Inc. v. Kemet Blue Powder Corp.*, No. 3:11-cv-00793-RCJ-VPC, 2012 U.S. Dist. LEXIS 126550, at *12 (D. Nev. Sept. 6, 2012). However, this rule does not apply to claims relating to, but not contingent on, trade secret allegations. *Menalco v. Buchan*, 2:07-cv-01178-PMP-PAL, 2010 U.S. Dist. LEXIS 8042, at *67 (D. Nev. Feb. 1, 2010) (*citing Frantz v. Johnson*, 999 P.2d 351, 357 n.3 (Nev. 2000)).

In the instant case, plaintiff's conversion claim includes allegations of wrongful control over personal property. In particular, plaintiff contends that Hall took its "Internet domain names, websites, emails and associated data, trademarks, [and] U.S. mail," in addition to proprietary information. (Doc. # 33). On this basis, the court concludes that plaintiff's conversion claim is not preempted. The court will now address the sufficiency of the allegations.

    *ii.*    *Failure to state a claim*

Conversion constitutes "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein . . . ." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000).

In the present case, plaintiff adequately alleges conversion against Hall. While plaintiff's allegations against the other defendants are more detailed, plaintiff alleges that all defendants unlawfully failed to return plaintiff's master office keys, took plaintiff's mail from the U.S. post office box at the office location, and destroyed documents. (Doc. # 33).

**James C. Mahan**
**U.S. District Judge**

- 11 -

On a motion to dismiss, the court must accept all well-pled factual allegations as true. Doing so, the court finds that plaintiff states a plausible claim for conversion against Hall. Accordingly, Hall's motion to dismiss will be denied as to plaintiff's eleventh cause of action for conversion.

### h. *Misappropriation of confidential information and trade secrets*

Plaintiff's twelfth cause of action alleges misappropriation of confidential information and trade secrets. (Doc. # 33). Hall moves to dismiss this claim on the grounds that plaintiff's allegations are conclusory and do not adequately show (1) that Hall used or disclosed a trade secret, or (2) that Hall knew or had reason to know that any information was secret. (Doc. # 39).

To state a claim for misappropriation under the Nevada Uniform Trade Secrets Act ("NUTSA"), plaintiff must allege (1) misappropriation through use, disclosure, or nondisclosure of use, of (2) a valuable trade secret, (3) made in breach of an express or implied contract or by a party with a duty not to disclose. *Frantz v. Johnson*, 999 P.2d 351, 358 (Nev. 2000).

Plaintiff alleges that Hall left employment with plaintiff to compete against it in the financial services market. According to plaintiff's complaint, Hall gained access to plaintiff's confidential customer and business information while working for plaintiff. Plaintiff states that Hall is now impermissibly using plaintiff's confidential information and trade secrets. (Doc. # 33).

Plaintiff contends that the trade secrets at issue constituted non-public information about the market in which plaintiff operated as well as plaintiff's product pricing. Plaintiff's complaint states that the information at issue "is secret because it was not publicly available, was compiled by [plaintiff], solely, and [plaintiff] took actions to keep such information separate from publicly available information." Plaintiff further alleges that Hall "acquired such information under circumstances giving rise to a duty to maintain its secrecy and limit its use." (Doc. # 33).

While Hall argues that he had no knowledge of confidentiality, plaintiff asserts that this information was password protected, encrypted, and subject to limited access. Further, plaintiff contends that Hall's managing associate agreement prohibited him from advising, inducing, or

James C. Mahan
U.S. District Judge

- 12 -

assisting any policyholder or contract holder of plaintiff to lapse, cancel, or fail to renew or replace any of plaintiff's products. (Doc. # 33).

Taking plaintiff's well-pled factual allegations as true, the court finds that plaintiff's complaint adequately states a plausible claim for misappropriation. Accordingly, Hall's motion to dismiss will be denied as to plaintiff's twelfth cause of action.

### i. *Intentional interference with contractual relations*

Plaintiff's thirteenth cause of action alleges intentional interference with contractual relations. (Doc. # 33). Hall moves to dismiss this claim on the grounds that plaintiff fails to identify specific individuals' contracts or allege that Hall's conduct actually disrupted those contracts. (Doc. # 39).

To prove intentional interference with contractual relations, "a plaintiff must establish: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (2003). To prove an intentional interference, "the plaintiff must establish that the defendant had a motive to induce breach of the contract with the third party." *Id.* at 1268.

Hall cites no case law in support of its proposition that plaintiff must identify particular individuals' contracts with which he interfered. Nevertheless, plaintiff's complaint names specific employees who defendants allegedly recruited from plaintiff's company. In so doing, plaintiff contends that Hall interfered with numerous employment contracts by causing individuals to terminate their employment with plaintiff to work for defendants. (Doc. # 33).

At this stage of the proceedings, these allegations are sufficient. While Hall contends that plaintiff should have "undertaken an investigation concerning the alleged contracts with which Hall allegedly interfered" before filing this action, this is in fact a matter to be explored through discovery. The court will deny Hall's motion to dismiss as to plaintiff's thirteenth cause of action or intentional interference with contractual relations.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 13 -

### *j.  Unfair competition*

Plaintiff's fourteenth cause of action states a claim for unfair competition.  (Doc. # 33). Hall contends that this claim should be dismissed because plaintiff's allegations are conclusory and do not state a plausible claim for relief.  (Doc. # 39).

"The common law tort of unfair competition is generally thought to be synonymous with the act of 'passing off' one's goods as those of another . . . [, or] acts analogous to 'passing off,' such as the sale of confusingly similar products, by which a person exploits a competitor's reputation in the market."  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1147 (9th Cir. 1997) (*quoting Bank of the West v. Sup. Ct.*, 833 P.2d 545, 551 (Cal. 1992)); *see also MGM Resorts Intern. v. Pac. Pillows, LLC*, No. 2:13-cv-1404-JCM-NJK, 2014 WL 2434628 at *4 (D. Nev. May 28, 2014) (applying this standard).

Plaintiff argues that it sufficiently alleges unfair competition because it claims that Hall is "passing off his services at LPL as those of Wealth Consulting Group, a trade name that rightly belongs to [plaintiff], and a provider of [plaintiff's] financial services and products."  (Doc. # 44).

Hall replies that only his co-defendant, Lee, is responsible for any alleged infringement. Hall contends that the fact that he works for Lee or an allegedly infringing company is insufficient to make him personally liable for the conduct of that company.  (Doc. # 50).

According to plaintiff's complaint, Hall's co-defendant, Lee, previously worked as a managing partner for plaintiff's company.  Plaintiff states that at this time, Lee was doing business for plaintiff under the name "Wealth Consulting Group."  Plaintiff then alleges that after defendants left their employment with plaintiff, they acted in concert to incorporate an entity, "The Wealth Consulting Group LLC," and to reinstate the company "Wealth Consulting Group LLC." (Doc. # 33).

Plaintiff also claims that Hall and his co-defendants are unlawfully interfering with plaintiff's control of the Wealth Consulting Group's websites and diverting plaintiff's email traffic to defendants.  Plaintiff contends that Hall and his co-defendants are using the Wealth Consulting Group entity names to compete with plaintiff.  Finally, plaintiff states that Hall's co-defendants

**James C. Mahan**
**U.S. District Judge**

Lee and Ewing are currently operating these businesses out of the same office at the same address that they used when working for plaintiff. (Doc. # 33).

Hall correctly notes that plaintiff does not identify case law that supports holding an employee liable for a company's unfair competition. However, plaintiff alleges that Hall played a more substantial role in the conduct at issue. Namely, plaintiff contends that Hall assisted his co-defendants in poaching plaintiff's employees and starting a competing company under a business name previously affiliated with plaintiff.

Taking plaintiff's well-pled factual allegations as true, the court will deny Hall's motion to dismiss as to plaintiff's fourteenth cause of action for unfair competition. The court cannot conclusively determine Hall's role in the alleged unfair competition, and therefore finds it premature to preclude plaintiff's unfair competition claim against Hall at this time.

### IV. Conclusion

In light of the foregoing analysis, the court will deny Hall's motion to dismiss plaintiff's amended complaint as to all causes of action against him, except for plaintiff's fourth cause of action for violations of the Computer Fraud and Abuse Act. Plaintiff's fourth cause of action will be dismissed against Hall, without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Hall's motion to dismiss amended complaint, (doc. # 39), be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's fourth cause of action for violations of the Computer Fraud and Abuse Act will be dismissed against defendant Hall, without prejudice. The motion to dismiss is denied as to all other claims against defendant Hall.

IT IS FURTHER ORDERED that defendant Hall's first motion to dismiss, (doc. # 29), be, and the same hereby is, DENIED as moot.

DATED March 27, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 15 -