Anthony L. Hall, Esq.
Nevada Bar No. 5977
ahall@hollandhart.com
Joseph G. Went, Esq.
Nevada Bar No. 9220
jgwent@hollandhart.com
Deanna C. Brinkerhoff, Esq.
Nevada Bar No. 11066
dcbrinkerhoff@hollandhart.com
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
(702) 669-4600
(702) 669-4650

And

Joseph C. O'Keefe
jokeefe@proskauer.com
Robert S. Schwartz
rschwartz@proskauer.com
PROSKAUER ROSE LLP
One Newark Center
Newark, NJ  07102-5211
973.274.3200
973.274.3299

Attorneys for Plaintiff
New England Life Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY<br><br>                    Plaintiff,<br><br>    v.<br><br>JIMMY LEE, an individual, JOHN (a/k/a JACK) EWING, an individual, CHARLES HALL, an individual, KARIN METCALF, an individual, WEALTH CONSULTING GROUP, LLC, THE WEALTH CONSULTING GROUP LLC, and KAIZEN CONSULTANTS, LLC<br><br>                    Defendants. | Case No.  14-cv-01797-JCM-NJK<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>AS AMENDED,<br>PAGE 6 |

1

**STIPULATED PROTECTIVE ORDER**

WHEREAS, this Protective Order pertains to the documents produced by Plaintiff/Counterdefendant New England Life Insurance Company ("NELICO"), Defendant/Counterclaimant Jimmy Lee ("Lee"), Defendant/Counterclaimant Wealth Consulting Group, LLC ("WCG"), Defendant/Counterclaimant The Wealth Consulting Group LLC ("TWCG"), Defendant/Counterclaimant Kaizen Consultants, LLC ("Kaizen" and Lee, WCG, TWCG and Kaizen, collectively "Lee Parties"), Defendant John (a/k/a Jack) Ewing ("Ewing"), Defendant Charles Hall ("Hall"), and Defendant Karin Metcalf ("Metcalf") (collectively, the "Parties"), through their respective counsel, in the action captioned *New England Life Ins. Co. v. Jimmy Lee, et al.*, Case No.: 2:14-cv-01797-JCM-(NJK), together with the related action captioned *Jimmy Lee, et al. v. New England Life Ins. Co.*, Case No. 14-cv- 02089–JAD-(CWH) (jointly, the "Action");

WHEREAS, the Parties conferred and agreed to propound and exchange the discovery of information and documents as set forth in the Amended Scheduling Order;

WHEREAS, the Parties consider certain of the information and documents being sought in discovery in the Action to be of a confidential nature; and

WHEREAS, the Parties have agreed to this Protective Order to permit the Parties to discover information deemed confidential pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND AGREED by the Parties, through their respective counsel, and ORDERED by the Court, as follows:

1. This Protective Order ("Protective Order") shall govern the use and disclosure (except by the producing party) of all material produced in the Action constituting, containing or disclosing, in whole or in part, information, documents, and/or testimony designated as "Confidential," whether it be a discovery response, information revealed during a deposition or information contained in, or communicated through, any other medium or means.

2. Designation of Confidential Information.

(a) The Parties may designate in good faith as "Confidential" any document, interrogatory response, testimony and/or other discovery material, disclosed by any party or third-party (collectively, "Discovery Material") that they believe contains non-public and/or business information (including but not limited to commercial, client, marketing, survey, strategic, proprietary and/or financial information, as well as personnel, payroll or employment information pertaining to any present and/or former employee) or personal information which they would, in the absence of litigation, maintain in confidence.

(b) No designation of "Confidential" shall be made unless counsel for the designating party believes in good faith that the material is in fact confidential within the meaning of this Paragraph 2.

(c) "Confidential Information" as used in this Protective Order shall refer to any Discovery Material designated "Confidential" and shall also refer to all copies, summaries, abstracts or excerpts thereof and any other material subsequently prepared from Confidential Information by any of the Parties or on behalf of any of the Parties.

3. In the event a Party disagrees with any designation of Confidential Information, counsel for the Parties shall confer in good faith and attempt to resolve the matter informally. If they are unable to do so, an application may be made to the Court for a determination of whether particular documents or other information should be treated as Confidential Information. The information in question shall be treated as Confidential subject to the terms of this Protective Order until the Court orders otherwise or the Party producing the Confidential Information agrees in writing to withdraw the designation with respect to that document and/or information.

4. Confidential Information contained in physical objects or documents, including but not limited to any transcripts, exhibits, answers to interrogatories or other discovery requests, electronically stored information or copies thereof will be designated by stamping or affixing thereto the label "CONFIDENTIAL" or, if it is not possible to affix a label, by giving written notice of the designation. A Party may designate testimony given at a deposition as Confidential Information by an appropriate statement at the time of the giving of such testimony or upon

subsequent review of the transcript by, within thirty (30) business days of receipt of the transcript, advising the other Party's counsel in writing of the specific pages and lines of the transcript to be designated as Confidential Information. During the thirty (30) day review period provided herein, the entire deposition transcript shall be treated as confidential, even if no confidential designation was made on the record during the deposition. If no confidential designation is made on the record or within the thirty (30) day review period, the entire transcript shall be considered non-confidential unless later designated by a Party (subject to any other Party's right to challenge such untimely designation).

5. All Discovery Material designated as Confidential, and any information contained in any Discovery Material so designated, shall be handled and treated in accordance with this Protective Order. The disclosure of Discovery Material without designating it as Confidential Information shall not constitute a waiver of a Party's claim of confidentiality or right to designate Discovery Material as Confidential Information at a later time. If so designated, the Discovery Material shall thenceforth be treated as Confidential Information subject to all the terms and conditions of this Protective Order.

6. As used herein, the term "document" means the original, all copies, drafts and portions of writings, papers, printed or graphic material of any kind, including, without limitation, court papers, employment records, financial records, log books, memoranda, reports, notes, messages (including reports, notes and memoranda of telephone conversations and conferences), tape recordings, film, and/or audio or video recordings of any type, information generated or stored on a disk, in a computer memory or otherwise electronically stored, correspondence, announcements, minutes, newspapers and calendar or diary entries, or other tangible matter from whatever source, however produced or reproduced, whether sent or received or neither, including the original and any non-identical copies. Documents include all attachments, cover pages, and enclosures, and all information derived therefrom.

7. Subject to the provisions of paragraphs 7, 8, 9 and 10, persons authorized to receive Confidential Information (a "Qualified Recipient") shall only include only: (i) partners,

associates, legal assistants and/or support staff of NELICO's counsel (i.e., Proskauer Rose LLP, Holland & Hart LLP, or other counsel); (ii) employees of NELICO and any affiliated or related entity providing assistance to NELICO's counsel in the Action; (iii) partners, associates, legal assistants and/or support staff of Defendants' counsel (i.e., Bailey Kennedy, LLP, Kornblum, Cochran, Erickson & Harbison, LLP, David J. Merrill, P.C., James Kwon, LLC, or other counsel); (iv) the Defendants and any affiliated or related entity providing assistance to Defendants' counsel in the Action; (v) experts and experts' staff or third parties employed or retained by the Parties or their attorneys for the purpose of assisting counsel in the prosecution or defense of this Action, provided that the requirements of paragraph 8 are met; (vi) the Court (including any of its personnel); (vii) stenographic reporters or videographers who take and transcribe testimony in connection with this Action; and (viii) any other person to whom counsel for the producing Party agrees in writing.

8. Access to/disclosure of Confidential Information shall be permitted or made to Qualified Recipients only to the extent that the Parties' counsel in good faith reasonably believes that such access or disclosure is reasonably necessary to the prosecution or defense of this Action. In the case of a Qualified Recipient described in paragraph 7(v) and (viii), above, access to/disclosure of Confidential Information shall be made only after such person executes an Agreement and Acknowledgement to be bound by the Protective Order (the "Acknowledgement") in the form attached hereto as Exhibit "A." A file of all written Acknowledgements by persons who have executed an Acknowledgment shall be maintained by the Parties' counsel.

9. Confidential Information shall be only used for the purposes of this Action only (and not for any other judicial or other proceeding) and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated, in whole or in part, directly or indirectly, to any person, firm or entity except as provided herein. Each Qualified Recipient will maintain Confidential Information in confidence and will not reveal to or discuss such information with any person who is not a Qualified Recipient without the prior written

1 consent of the producing Parties' counsel or, in the absence of such consent, an order by the Court
2 authorizing such disclosure.

3      10.    In the event a non-producing Party's counsel considers it necessary to disclose
4 Confidential Information to a person who is not a Qualified Recipient, counsel for the Parties shall
5 confer in good faith and attempt to resolve the matter informally.  If they are unable to do so, an
6 application may be made to the Court for a determination whether the proposed disclosure shall be
7 permitted.  The information in question shall be treated as Confidential Information, subject to the
8 terms of this Protective Order, until otherwise ordered by the Court or the producing Parties'
9 counsel agrees in writing to the disclosure.

10      11.    Confidential Information once disclosed may be copied only to the extent
11 necessary to permit its use in accordance with the terms of this Protective Order.

12 ~~12.    Confidential Information submitted to the Court that is *not* subject to ECF filing~~
13 ~~and is *not* otherwise publicly accessible will not be subject to sealing.  The Parties agree, however,~~
14 ~~that any documents or other materials containing Confidential Information that are filed with the~~
15 ~~Court via ECF must be filed under seal.  Accordingly, Confidential Information ECF filed as~~
16 ~~exhibits to any brief, memorandum, pleading, or at a hearing or trial of this matter, and all~~
17 ~~depositions ECF filed with the Court in which Confidential Information is disclosed or discussed,~~
18 ~~by way of testimony, exhibits, or otherwise, shall be filed with the Court under seal and shall be~~
19 ~~marked with the following legend: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER."~~
20 ~~This provision, however, is subject to the guidance and direction of the Court, and may be~~
21 ~~modified only by the Court in this Action.~~ See order issued concurrently herewith

22      13.    Nothing contained in this Protective Order shall be construed to prejudice any
23 Party's right to use in open court any Confidential Information, provided that reasonable notice of
24 the intended use of the Confidential Information shall be given to opposing counsel.

25      14.    If a Party wishes to use information or documents designated as Confidential
26 Information during any hearing or other proceeding in this action, the Parties' counsel will confer
27 in good faith to agree upon a method (subject to the Court's approval) to protect such Confidential
28

Information during such proceedings. If the Parties are unable to agree on a method to protect such Confidential Information, any Party may apply to the Court for a mechanism to maintain the confidentiality of discovery material designated as Confidential Information.

15. If, at any time, a Party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each receiving party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The receiving party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection.

16. Nothing contained herein bears on the discoverability or admissibility of any documents, records and/or information. In addition, nothing herein shall prohibit parties from seeking an "attorneys eyes only" designation by the Court for confidential or proprietary documents of a particularly sensitive nature provided that the producing Party first seeks and does not receive agreement for such designation by the requesting Party.

17. Within thirty (30) days of the conclusion of this action (including appeals, if any), all Confidential Information and all documents containing such information in the possession of a Qualified Recipient or any other person who has received such documents and/or information pursuant to this Protective Order, shall be returned to the producing Party's counsel upon written request, together with all copies, except that those documents containing the Party's own attorney's notes and/or work product may be (a) destroyed or (b) retained by counsel for the Party, subject to a continuing obligation of confidentiality pursuant to this Agreement, in lieu of returning the documents.

18. The Parties reserve the right to seek an amended protective order that provides additional layers of protection.

19. This Protective Order shall remain in full force and effect until modified, amended, superseded, or terminated by written consent of all the Parties or by order of the Court, and shall survive the termination of the proceedings in this Action.

DATED this 15th day of June, 2015.

 */s/ Joshua M. Dickey*
_____
John R. Bailey, Esq.
Joshua M. Dickey, Esq.
BAILEY KENNEDY, LLP
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148

*Attorneys for Defendants Jimmy Lee,*
*Wealth Consulting Group, LLC,*
*The Wealth Consulting Group, LLC and*
*Kaizen Consultants, LLC*

DATED this 15th day of June, 2015.

 */s/ David J. Merrill*
_____
Guy O. Kornblum, Esq.
KORNBLUM, COCHRAN, ERICKSON &
HARBISON, LLP
1388 Sutter St., Suite 820
San Francisco, CA 94109

David J. Merrill
DAVID J. MERRILL, P.C
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

*Attorneys for Defendant Charles Hall*

DATED this 15th day of June, 2015.

 */s/ James W. Kwon*
_____
James W. Kwon, Esq.
JAMES KWON, LLC
5808 Spring Mountain Road, Ste. 107
Las Vegas, NV 89146

*Attorneys for Defendants*
*John aka Jack Ewing and Karin Metcalf*

DATED this 15th day of June, 2015.

 */s/ Joseph G. Went*
_____
Anthony L. Hall, Esq.
Joseph G. Went, Esq.
Deanna C. Brinkerhoff, Esq.
HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

Joseph C. O'Keefe
Robert S. Schwartz
PROSKAUER ROSE LLP
One Newark Center
Newark, NJ  07102-5211

*Attorneys for Plaintiff*
*New England Life Insurance Company*

IT IS SO ORDERED:

_____
UNITED STATES ~~DISTRICT/~~MAGISTRATE JUDGE

Dated: June 16, 2016

8

# EXHIBIT A

## AGREEMENT & ACKNOWLEDGEMENT OF CONFIDENTIALITY

I hereby acknowledge that I have read, understand and agree to be bound by the terms, conditions and restrictions of the Protective Order in the above-captioned action. I acknowledge that I am being given access to Confidential Information within the meaning of the Protective Order and will act in accordance with the obligations described in the Protective Order.

I understand that breach of the terms of the Protective Order may be punishable by contempt of Court and subject to appropriate legal penalties. I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Protective Order.

_____          _____
Signature                                Date

_____
Print Name

_____
Address