# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NEW ENGLAND LIFE INSURANCE COMPANY, )
 )
        Plaintiff(s), )    Case No. 2:14-cv-01797-JCM-NJK
 )
vs. )    ORDER
 )
JIMMY LEE, et al., )
 )
        Defendant(s). )

      Pending before the Court is the Lee Parties' motion to seal. Docket No. 82. The motion is defective in numerous ways.

      First, the sole reason for the Lee Parties' request to seal the subject documents is that they were designated confidential pursuant to the stipulated protective order. *See id.* at 2, 3. In filing their pending motion, the Lee Parties violated the Court's order at Docket No. 67:

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

Docket No. 67 at 2-3.

The motion to seal also makes a single legal argument; namely, that good cause exists to seal exhibits based solely on the fact that those documents were designated as confidential pursuant to a blanket stipulated protective order. *Id.* at 2-3. The fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003). A Court's order entering a blanket stipulated protective order contains no findings that sufficient cause exists to keep any specific documents confidential and is "not a guarantee of confidentiality, especially in the event of a court filing." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). Indeed, the Court made this clear when it entered the protective order in this case, noting that "there has been no showing, and the Court has not found, that any specific documents are secret or confidential. The parties have not provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm." Docket No. 67 at 2; *see also* Docket No. 66 at 6 (rejecting portion of stipulated protective order that would allow the parties to file documents under seal based solely on a designation of confidentiality).

Additionally, the motion to seal relies exclusively on the "good cause" standard that has been applied traditionally to "nondispositive" motions. The Ninth Circuit has clarified that the terms "dispositive" and "nondispositive" are not intended to be mechanical classifications. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). Instead, determining the applicable standard is premised on "whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099. The motion cites to no case law indicating that a motion to amend pleadings is not more than tangentially related to the underlying cause of action.[1]

---

[1] The Court expresses no opinion herein as to which standard should apply, but notes that at least one court within the Ninth Circuit has found that the more rigorous compelling reasons standard applies. *See*

2

Furthermore, the Ninth Circuit has held that a district court abuses its discretion in sealing entire documents when those documents "can be redacted easily to protect [the confidential information] while leaving other meaningful information." *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (where cause exists to shield discovery material from third-party disclosure, "a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure"). The pending motion fails to explain why sealing of the entirety of the exhibits at issue would be proper.

In short, the motion to seal is not sufficient to permit the sealing of the two exhibits at issue. For the time being, those exhibits shall remain under seal. The parties shall promptly comply with the meet-and-confer requirements outlined in the Court's order at Docket No. 67. No later than April 12, 2016, a supplement to the pending motion must be filed that provides a proper basis for the request to seal. **The failure to comply with this order may result in the unsealing of the exhibits at issue.**

Counsel for all parties are hereby **ORDERED** to carefully read the Court's order at Docket No. 67. **Failure to comply with that order in the future may result in the imposition of sanctions.**

IT IS SO ORDERED.

DATED: April 5, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

*Whitecryption Corp. v. Arxan Techs., Inc.*, 2016 U.S. Dist. Lexis 31108, *3 (N.D. Cal. Mar. 9, 2016) ("a motion to file an amended complaint is more than tangentially related to the underlying cause of action and therefore Arxan's motion is subject to the compelling reasons standard").