UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NEW ENGLAND LIFE INSURANCE COMPANY,)
                                  )   Case No. 2:14-cv-01797-JCM-NJK
              Plaintiff(s),       )
                                  )   ORDER
vs.                               )
                                  )
JIMMY LEE, et al.,                )   (Docket No. 77)
                                  )
              Defendant(s).       )
                                  )

Pending before the Court is a joint motion for leave to file counterclaims, filed by Defendants John Ewing and Karin Metcalf. Docket No. 77. Plaintiff filed a response in opposition. Docket No. 79. No reply has been filed. The Court finds this matter properly resolved without a hearing. Local Rule 78-2. For the reasons stated below, the Court hereby **GRANTS** the motion.

Under Fed. R. Civ. P. 15(a), "[t]he court should freely give leave when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In deciding a motion for leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9thCir. 2011). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).

1   Plaintiff opposes the motion exclusively on the argument that allowing amendment would be futile because the proposed counterclaims would not survive a motion to dismiss.  *See* Docket No. 79 at 7-10.  "Denial of leave to amend on this ground is rare.  Ordinarily, courts will defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleading is filed."  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); *see also Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, *2 (D. Nev. Oct. 16, 2015).  Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss.  *See, e.g.*, *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

Accordingly, the motion for leave to amend is **GRANTED**.  The proposed counterclaims shall be filed on the docket within seven days of the issuance of this order.

IT IS SO ORDERED.

DATED: April 22, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge