UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NEW ENGLAND LIFE INSURANCE COMPANY,)
)   Case No. 2:14-cv-01797-JCM-NJK
            Plaintiff(s),    )
)   ORDER
vs.    )
)
JIMMY LEE, et al.,    )   (Docket No. 78)
)
            Defendant(s).    )
)

    Pending before the Court is Plaintiff's motion for leave to amend the complaint to add MetLife as a plaintiff. Docket No. 78. The Lee Party Defendants filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 80, 90. The Court finds this matter properly resolved without a hearing. Local Rule 78-2. For the reasons stated below, the Court hereby **GRANTS** the motion.

    Under Fed. R. Civ. P. 15(a), "[t]he court should freely give leave when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In deciding a motion for leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9thCir. 2011). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).

    Most significantly with respect to the instant motion, the Court finds that there will be no undue prejudice in the event amendment is allowed. Defendants rely most significantly on the potential that they will engage in further discovery based on the amended complaint, and "potentially alter their litigation strategy." *See* Docket No. 80 at 8. Discovery remains open in this case, and the mere fact that Defendants will be forced to refute a claim does not warrant a finding of undue prejudice. *See, e.g.*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2015 WL 5310716, *3 (D. Nev. Sept. 10, 2015) (quoting *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 316900, *3 (D. Nev. Jan. 23, 2015)).[1] Moreover, there has not been a strong showing that any of the remaining factors warrant denying leave to amend.[2]

    Accordingly, the motion for leave to amend is **GRANTED**. The proposed amended complaint shall be filed on the docket within seven days of the issuance of this order.

    IT IS SO ORDERED.

    DATED: April 26, 2016

    _____
    NANCY J. KOPPE
    United States Magistrate Judge

---

[1] Defendants appear to worry that insufficient time remains to conduct discovery, noting that the Court has indicated that no further extensions will be granted. *See* Docket No. 80 at 9. Defendants have failed to sufficiently explain why discovery cannot be completed by the currently-operative deadlines. Moreover, the Court's admonition regarding further extensions was made in the context of the parties' repeated stipulations to extend based on their settlement discussions. *See* Docket No. 73 at 5. The potential need to extend deadlines based on amendments to the pleadings was not before the Court at that time. If the parties believe the changed circumstances require additional time for discovery, they may file a request explaining why they believe an extension is warranted. The Court expresses no opinion herein whether such a request will be granted, however.

[2] With respect to Defendants' futility argument, the Court finds the sufficiency of the amended complaint to be better addressed through a motion to dismiss. *See, e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008); *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). The Court expresses no opinion herein as to the merits of any such motion.